UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MANUEL LEYVA, | ) | 1:10-CV-01221 AWI GSA HC |
| | ) | |
| Petitioner, | ) | ORDER STRIKING PLEADING |
| | ) | [Doc. #16] |
| v. | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING RESPONDENT'S MOTION |
| JAMES D. HARTLEY, | ) | TO DISMISS |
| | ) | [Doc. #13] |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is represented in this action by Michael E. Beckman, Esq.

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections serving a term of 15 years to life plus four years for his 1991 conviction of second degree murder with use of a firearm. Petitioner claims the State has violated the terms of his plea agreement by continuing to incarcerate him beyond the maximum term he agreed to serve.

Petitioner filed three petitions for writ of habeas corpus in the state courts with respect to his claims, as follows:

---

[1] This information is derived from the state pleadings and documents attached to Respondent's motion to dismiss.

1.  Los Angeles County Superior Court
    Filed: November 23, 2009;
    Denied: March 5, 2010;

2.  California Court of Appeals, Second Appellate District
    Filed: March 29, 2010;
    Denied: April 8, 2010;

3.  California Supreme Court
    Filed: April 19, 2009;
    Denied: June 30, 2010.

(See Petition Exs. D, F, G.)

On July 7, 2010, Petitioner filed the instant petition for writ of habeas corpus in this Court. Respondent filed a motion to dismiss the petition on September 16, 2010, for violating the statute of limitations. Petitioner filed an opposition to the motion to dismiss on September 21, 2010. Respondent filed a reply to the opposition on September 28, 2010.[2]

## FACTUAL BACKGROUND

Petitioner was charged with first degree murder and faced a sentence of 30 years to life. On May 24, 1991, he entered a plea bargain in which he pled guilty to second degree murder and received a sentence of 19 years to life. Petitioner claims as part of the plea agreement he was promised a maximum sentence of 19 to 20 years, minus any time credits he might earn while in custody. According to his petition, Petitioner estimates he should have been released from prison "around 2006." (See Petition at 12.) Nevertheless, Petitioner was not released in 2006 nor thereafter. On September 30, 2008, Petitioner appeared before the Board of Parole Hearing (Board). At this hearing, Petitioner moved for immediate release based on the plea agreement. The Board declined to rule on the motion and continued the parole hearing to February 11, 2009, because proper notices had not been given. At the February 11, 2009, hearing, the Board denied Petitioner's motion for release and determined him unsuitable for parole.

## DISCUSSION

I.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

---

[2] Petitioner filed a surreply on September 29, 2010, and Respondent replied on September 30, 2010. As the surreply was unauthorized, it will be stricken.

petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." See also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on July 7, 2010, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A. Commencement of the Statute of Limitations

The parties contest when the limitations period commenced in this case. Respondent contends the limitations period commenced at the latest on September 30, 2008, when Petitioner made a motion for immediate release before the Board. Respondent contends that Petitioner knew the factual predicate for his claim at that time pursuant to § 2244(d)(1)(D). Petitioner contends the limitations period did not commence until February 11, 2009, at the earliest, because that is the date the Board formally ruled on Petitioner's motion. Petitioner contends he should not be held to the September 30, 2008, date because he did not know if the Board would deny his motion for release and thereby violate the terms of his plea agreement.

In most cases, the limitations period begins running on the date that a petitioner's direct review became final. In this case, Petitioner claims a violation of the terms of his plea agreement. The statute of limitations did not commence at the conclusion of direct review of the conviction, because Petitioner could not know at that time that the terms of his plea agreement would be violated. Therefore, § 2244(d)(1)(A) is inapplicable. Likewise, §§ 2244(d)(1)(B)-(C) do not apply in this case. Pursuant to § 2244(d)(1)(D) then, the limitations period would commence on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. In this case, it is clear Petitioner knew the factual predicate for his claims at the latest on September 30, 2008, since Petitioner made a motion for immediate release at that hearing on the same basis as the claims he now raises here. Therefore, this is the relevant date for statute of limitations purposes.

U.S. District Court
E. D. California        cd                                    4

Petitioner's argument that the limitations period did not commence until the February 11, 2009, hearing when the Board formally ruled on Petitioner's motion is meritless. It is not relevant for purposes of § 2244(d)(1)(D) when the Board denied Petitioner's motion. What is relevant is that Petitioner knew as of September 30, 2008, that he was being incarcerated well beyond the term to which he had agreed. In other words, Petitioner was aware that the plea agreement had been breached by September 30, 2008. Pursuant to § 2244(d)(1)(D), he was required to seek federal relief within one year of that date.

Petitioner's citation to Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003), is unavailing. In Redd, the Ninth Circuit held that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period. Id. at 1079. Redd is inapplicable in this case, because the claims do not concern the parole decision of the parole board. Rather, as stated above, the claims concern a violation of the terms of the plea agreement. Thus, it is not relevant when the Board issued it's denial or when the decision became final. As stated above, Petitioner knew his plea agreement had been breached as of September 30, 2008, and he was required to seek relief within one year of that date.

For these reasons, the limitations period commenced on October 1, 2008, and expired one year later on September 30, 2009. Petitioner did not file his federal habeas petition until July 7, 2010. His federal petition is therefore untimely.

B.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000).

In this case, Petitioner did not file any state habeas petitions within the one-year statute of

limitations. His first state habeas petition was filed in Los Angeles County Superior Court on November 23, 2009. At that point, the limitations period had expired almost two months before. Since Petitioner did not file any state habeas petitions within the relevant time period, he is not entitled to statutory tolling. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run).

## ORDER

Petitioner's surreply of September 29, 2010, was not authorized pursuant to the Court's Briefing Schedule of July 21, 2010. Accordingly, IT IS HEREBY ORDERED that the pleading is STRICKEN.

## RECOMMENDATION

The Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for violating the limitations period.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after date of service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 5, 2010          /s/ Gary S. Austin
                                 UNITED STATES MAGISTRATE JUDGE